PAUL KELLY, Jr., Circuit Judge,
concurring.
I respectfully concur in the court’s opinion for two reasons. First, our prior decision in Clarkson Constr. Co. v. Occupational Safety & Health Review Comm’n, 531 F.2d 451, 456-58 (10th Cir.1976), is tantamount to the adoption of a multi-employer doctrine in this circuit, particularly when viewed against the backdrop of Judge Seth’s dissent, see id. at 459 (Seth, J., dissenting), and we are bound by circuit precedent. Second, the parties stipulated that (1) Universal’s field manager and foreman were present at the worksite on the day in question, (2) they had the authority to direct abatement, and (3) the field manager “was in position to observe the actions of Zahner’s employees and contractually had the authority to direct Zah-ner’s foreman ... to correct the hazards.” 2 Agency R., Joint Stipulation, ¶¶ 5, 6, 14, 15, 31-33. Given these stipulations, it is not necessary to decide the outer limits of the doctrine.